UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KIMERA LABS INC,

Plaintiff,

v.

EXOCEL BIO INC., RAJ JAYASHANKAR, ALEJANDRO (ALEX) CONTRERAS, and DEB HUBERS,

Defendants.

Case No.:  21-cv-2137-MMA-DDL

**ORDER DENYING PARTIES' MOTIONS TO SEAL**

**[Dkt. Nos. 157, 164, 169, 172]**

On January 19, 2024, the Court issued oral rulings denying Plaintiff's motions to file under seal in their entirety Plaintiff's Opposition to Defendant Exocel Bio Inc.'s Motion to Quash [Dkt. No. 157] and Plaintiff's Opposition to Defendants' Motion to Compel [Dkt. No. 169].  The Court also issued an oral ruling denying Defendants' motion to file under seal in its entirety Defendants' Motion to Compel [Dkt. No. 164].  For the reasons stated on the record, the parties have not shown good cause to seal these documents in their entirety.

Plaintiff also filed a motion to seal concerning a re-filed exhibit to its Opposition to Defendants' Motion to Compel.  Dkt. No. 172.  The Court's ruling denying Plaintiff's motion to seal its Opposition to Defendants' Motion to Compel also extends to all exhibits

1

filed in support thereof.  Accordingly, Plaintiff's motion to seal the re-filed exhibit is also **DENIED**.

By not later than **January 26, 2024**, the parties must re-file their respective pleadings.  The parties may move to seal specific portions of those pleadings consistent with the principles that a request to seal a record must be "narrowly tailored" and must be supported by a showing of "good cause."  *See In re Mahltig Mgmt. Und Beteiligungsgesellschaft MBH*, No. 18-mc-80037 NC, 2018 WL 11198061, at *6 (N.D. Cal. Apr. 24, 2018).  Courts apply the "compelling reasons" standard to motions to seal filings that are "more than tangentially related to the merits of a case." *Id*., citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  But where, as here, the filings are "only tangentially related to the merits" of the case, a court may seal the filings "upon a lesser showing of 'good cause.'"  *Id*., citing *Ctr. For Auto Safety*, 809 F.3d at 1097.  "The 'good cause' standard requires a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed. . . . 'Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning' will not suffice." *Id*. at *6 (citations omitted).

**IT IS SO ORDERED.**

Dated:  January 23, 2024

_____
Hon. David D. Leshner
United States Magistrate Judge