UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMERA LABS INC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>EXOCEL BIO INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 21-cv-2137-MMA-DDL<br><br>**ORDER FOLLOWING MOTION HEARING ON MAY 8, 2024**<br><br>**[Dkt. Nos. 233, 235]** |

On May 8, 2024, the Court heard oral argument on multiple discovery-related motions. Having considered the parties' briefing and the arguments of counsel, the Court **GRANTS** Defendants' motion to compel deposition testimony [Dkt. No. 233] and **DENIES** Plaintiffs' motions for leave to serve third party subpoenas and to compel production of financial information [Dkt. No. 235] as set forth below:

### Plaintiff's Motions (Dkt. No. 235)

**Motion for Leave to Serve Third Party Subpoenas**

For the reasons stated on the record at the May 8 hearing, the Court **DENIES** Plaintiff's motion to for leave to serve additional third party subpoenas. Plaintiff's counsel clarified at the motion hearing that Plaintiff seeks to issue seven third party subpoenas; however, the motion does not describe why Plaintiff believes each of these third parties

have information that is relevant to a claim or defense or what specific information Plaintiff would seek through the subpoenas.

Plaintiff's counsel clarified at the hearing that the proposed subpoenas seek documents exchanged between Defendants and the third parties, but Plaintiff has not sought leave to propound additional requests for production on Exocel Bio. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (court must limit the extent of discovery otherwise allowed if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."); *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 410 (C.D. Cal. 2014) ("A court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation.") (citation omitted).

As discussed at the hearing, the Court will allow each side to propound up to ten requests for production ("RFPs") as follows:

Both sides must serve their RFPs **by not later than May 13, 2024**.

The parties must meet and confer regarding the RFPs **by not later than May 15, 2024**.

If there are any outstanding objections to any RFPs following the meet and confer, the parties must file a joint motion for determination of discovery dispute **by not later than May 20, 2024**. The joint motion shall consist of a chart containing the text of the disputed discovery response and each party's position (in one or two sentences) regarding the RFP.

The Court will hold a motion hearing to resolve any disputes on **May 29, 2024, at 8:30 a.m.** **via Zoom**.

**Motion to Compel Production of Financial Documents**

For the reasons stated at the May 8 hearing, the Court **DENIES** Plaintiff's motion to compel production of financial documents. Defendants have produced Exocel Bio's

general ledger for 2021 and 2022, and they will produce the 2023 general ledger promptly when it is finalized on or before September 1, 2024.  Exocel Bio will prepare an exhibit for its Rule 30(b)(6) deposition that contains the attorney's fees expenses reflected in the general ledger and a separate figure showing the fees incurred by Exocel Bio in defending this litigation.  The Court **DENIES** Plaintiff's request to require Exocel Bio to provide redacted attorney invoices for this litigation.

### Defendants' Motion to Compel Deposition Testimony (Dkt. No. 233)

For the reasons stated on the record at the May 8 hearing, the Court **GRANTS** Defendants' motion to compel deposition testimony.  At the deposition of Maryel Gonzalez-Perez, Plaintiff's Chief Regulatory Officer, Plaintiff's counsel instructed the deponent not to answer multiple questions on the grounds of "trade secret privilege." "Questions of privilege that arise in the course of the adjudication of federal rights are governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." *United States v. Zolin*, 491 U.S. 554, 562 (1989) (citing Fed. R. Evid. 501).  Federal privilege law applies here because Plaintiff asserts violations of the federal Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq.

Plaintiff's authorities do not support the existence of a federal "trade secret privilege" per se.  *See Terry v. Register Tapes Unlimited, Inc.*, 2:16-CV-0806-WBSAC, 2017 WL 3226867, at *3 (E.D. Cal. July 31, 2017) (applying California state law trade secret privilege).  Rather, the issue is whether defense counsel's questions regarding changes to Kimera Labs' exosome manufacturing processes from 2019 to the present seek information that is relevant to a claim or defense and proportional to the needs of the case under Fed. R. Civ. P. 26(b).  The Court concludes that questions regarding changes in the "Kimera Process" seek information that is relevant to the existence of a trade secret, the value of the trade secret, and the appropriate scope of injunctive relief if Plaintiff were to prevail on its trade secret misappropriation claim.  The information sought is also

proportional to the needs of the case and can be gathered through Ms. Gonzalez-Perez's deposition.

The Court is mindful of Plaintiff's concerns with providing additional information regarding its trade secrets; however, the parties agreed that Plaintiff may designate such testimony as "CONFIDENTIAL-FOR COUNSEL ONLY" under the protective order. Dkt. No. 124.

**IT IS SO ORDERED.**

Dated: May 9, 2024

Hon. David D. Leshner
United States Magistrate Judge