UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMERA LABS INC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>EXOCEL BIO INC., RAJ JAYASHANKAR, ALEJANDRO (ALEX) CONTRERAS, and DEB HUBERS,<br><br>　　　　　　　　　　Defendants. | Case No.: 21-cv-2137-MMA-DDL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SEAL UNREDACTED RESPONSE AND EXHIBIT THERETO**<br><br>**[Dkt. No. 239]** |

Before the Court is Defendants' Motion to Seal a portion of their Response to Kimera's Motion for Leave to Take Additional Discovery Regarding Certain Non-Parties Providing Relevant Services to Defendants and Motion to Compel Financial Documents ("Response"). Dkt. No. 239. Specifically, Defendants move to redact portions of their Response which reference Defendant Exocel Bio Inc.'s confidential business practices. Defendants have demonstrated that good cause exists to redact this information in order to prevent competitors from accessing the information and using it to their advantage. Accordingly, the Court **GRANTS** Defendants' Motion to Seal.

/ / /

/ / /

# I.
# **LEGAL STANDARDS**

The public enjoys a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). When evaluating a request to seal judicial records, courts in this Circuit start with "a 'strong presumption in favor of access'" to those records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). The party requesting sealing bears the burden of overcoming this strong presumption. *Id*. The showing required depends upon whether the underlying motion is closely related to the merits of the case—in which case the party must demonstrate "compelling reasons" to seal—or is only "tangentially related" to them, which requires a less demanding showing of good cause. *See Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

# II.
# **DISCUSSION**

The "good cause" standard applies here because Kimera's discovery motion is only tangentially related to the merits of the case. *See Labbe v. Dometic Corp.*, No. 2:20-cv-01975-DAD-DMC, 2023 WL 6519306, at *2 (E.D. Cal. Oct. 5, 2023) (granting motion to seal document attached to motion for reconsideration of discovery order—"This court agrees with defendant that the good cause standard applies, consistent with the decisions of the Ninth Circuit and numerous district courts in this Circuit which have concluded that the good cause standard applies to discovery-related motions."). "Good cause" requires a particularized showing that specific prejudice or harm will result" if the information is disclosed. *See Phillips ex rel. Estates of Byrd v. Gen Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning," do not satisfy the good cause standard. *Beckman Indus., Inc. v. Int'l Ins.*, 966 F.2d 470, 476 (9th Cir. 1992).

/ / /

"'[S]ources of business information that might harm a litigant's competitive standing' often warrant protection under seal." *In re Mahltig Mgmt. Und Beteiligungsgesellschaft MBH*, No. 18-MC-80037 NC, 2018 WL 11198061, at *6 (N.D. Cal. Apr. 24, 2018) (citing *Nixon*, 435 U.S. at 598). Courts have granted motions to seal parties' "sensitive business information," recognizing that disclosure "might allow competitors to use that information to their advantage in their own contract negotiations," *Pulse Electronics*, *Inc. v. U.D. Electronic Corp.*, 530 F. Supp 3d 988, 1031 (S.D. Cal. 2021) (citation omitted), so long as the material to be sealed is narrowly tailored to such confidential business information. *See, e.g.*, *Monster Energy Co. v. Vital Pharm., Inc.*, No. EDCV-18-1882 JGB (SHKx), 2019 WL 3099711, at *2 (C.D. Cal. June 17, 2019); *see also Rodman v. Safeway, Inc.*, No. 11-cv-03003-JST, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015).

Defendants assert that their "request to seal is narrowly tailored to include only specific information about Defendants' business practices necessary to include in Defendants' response." Dkt. No. 239 at 3. In particular, Defendants request to redact "only the specific, detailed information related to Exocel Bio's business operations, namely, information pertaining to its CMOs and the work its CMOs conduct on Exocel Bio's behalf." *Id*. Such information "reveals the name of the specific CMO Exocel Bio used exclusively to create its unique product." *Id*. Defendants explain that "publicity of such information may be useful to competitors who have not undertaken the time, expense, effort, and research to identify CMOs capable of the specific work Exocel Bio has employed them for." *Id*. Moreover, Defendants note that "such business information is not central to the merits of Kimera's claims against Exocel Bio." *Id*. Furthermore, Defendants represent that Plaintiff does not object to the Motion to Seal. *Id*.

The Court concludes that good cause exists to redact portions of Defendants' Response. For the reasons discussed in Defendants' Motion to Seal, disclosure of the information Defendants seek to redact would afford competitors "an unfair advantage" by revealing information Exocel Bio took great measures to obtain in securing its position

among competitors. Additionally, the proposed redactions are narrowly tailored to Exocel Bio's business information that, if publicized, "might harm a litigant's competitive standing," *In re Mahltig Mgmt.*, 2018 WL 11198061, at *6, and Plaintiff does not oppose Defendants' Motion to Seal.

### III.
### CONCLUSION

For the foregoing reasons, Defendants' Motion to Seal [Dkt. No. 239] is **GRANTED** with respect to all redactions set forth in Defendants' Response at Dkt. No. 241. No further action is necessary by the Clerk of Court.

**IT IS SO ORDERED.**

Dated: June 14, 2024

Hon. David D. Leshner
United States Magistrate Judge