UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMERA LABS INC,<br><br>                Plaintiff,<br><br>v.<br><br>EXOCEL BIO INC., RAJ JAYASHANKAR, ALEJANDRO (ALEX) CONTRERAS, and DEB HUBERS,<br><br>                Defendants. | Case No.: 21-cv-2137-MMA-DDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL**<br><br>**[Dkt. Nos. 342, 346]** |

The parties move to file documents related to Defendants' motion to compel (Dkt. No. 344) under seal. Dkt. Nos. 342, 346. Having considered the parties' arguments and the applicable law, and for the reasons explained below, the Court **GRANTS IN PART** and **DENIES IN PART** the motions.

## I.

## <u>LEGAL STANDARDS</u>

The public enjoys "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This longstanding principle "is based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a

measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Thus, when evaluating a request to seal judicial records, courts apply "a strong presumption in favor of access" to those records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).[1]

The party requesting sealing bears the burden of overcoming this strong presumption. *Id.* The showing required depends upon whether the underlying motion is closely related to the merits of the case – in which case the party must demonstrate "compelling reasons" to seal – or is only "tangentially related" to the merits, which requires a less demanding showing of "good cause." *See Ctr. for Auto Safety*, 809 F.3d at 1097.

"Generally, the Court applies a good cause standard to motions to seal documents related to a discovery motion." *Dunsmore v. San Diego Cnty. Sheriff's Dep't*, No. 20-CV-406-AJB-DDL, 2024 WL 628021, at *9 (S.D. Cal. Feb. 14, 2024). Although less demanding than the "compelling reasons" standard, "good cause" nevertheless requires a "particularized showing that specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Ests. of Byrd v. Gen Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning," do not satisfy the good cause standard. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II.
## ANALYSIS

**A.     Defendants' Motion to Seal – Dkt. No. 342**

Defendants move unopposed to seal portions of their motion to compel additional documents allegedly responsive to a previous set of requests for production. *See* Dkt. No. 344. Defendants contend good cause exists to redact portions of their motion and

---

[1]     All citations and internal quotation marks are omitted, and emphasis and alterations added, unless otherwise noted.

1  11 exhibits in their entirety so that Kimera may protect its trade secret and confidential
2  information contained within the filings and attached exhibits.  Dkt. No. 342; *see also*
3  Dkt. No. 346 at 2 (citing *In re Mahltig Mgmt. Und Beteiligungsgesellschaft MBH*, No. 18-
4  MC-80037 NC, 2018 WL 11198061, at *7 (N.D. Cal. June 11, 2018) (finding good cause
5  to seal documents where their disclosure would "reveal how certain . . . technology works,
6  and disclosure would enable . . . competitors to exploit . . . sunk research and development
7  costs").  The Court has independently reviewed the proposed redactions and agrees that
8  many of them, if filed publicly, will cause specific prejudice or harm to Plaintiff.
9  Accordingly, the Court rules on Defendants' motion to seal as follows:

| Judicial Record | Document Description | Court's Ruling |
|---|---|---|
| Dkt. No. 343 | Defendants' Motion to Compel | **Granted in part.**  The Court finds good cause exists for all of Defendants' proposed redactions *except those* at 6:25-26[2] because, as discussed in the Court's previous Order on Motions to Seal (Dkt. No. 311), disclosure of Maryel Gonzalez-Perez's job title and general responsibilities will not cause any prejudice. |
| Dkt. No. 343-4 | Quality Manual | **Granted.**  The manual contains specific information regarding the alleged trade secret at issue. |
| Dkt. 343-5 | Deposition Transcript Excerpts (Maryel Gonzalez-Perez) | **Granted in part.**  Good cause exists to redact the following pages and lines: 4:1-25; 5:1-25; 6:18-25; 7:1-25; 8:1-25; 9:12-25; 10:8-25; 11:1-25; 12:1-25; 13:1-25; 14:1-25; 15:1-25; 16:1-25; 17:1-12; 18:9.  The Court denies the motion to redact any portion of the transcript not listed above because those |

---

[2]  The Court uses the CM/ECF pagination and line numbers.  For example, 6:25-26 means lines 25-26 of page 6 of Dkt. No. 343.

| Judicial Record | Document Description | Court's Ruling |
|---|---|---|
| | | portions do not contain specific information regarding the alleged trade secrets at issue. |
| Dkt. No. 343-6 | Inspection Report | **Granted.** The report and attachments contain specific information regarding the alleged trade secret at issue. |
| Dkt. No. 343-7 | Deposition Transcript Excerpts (Dr. Duncan Ross) | **Granted in part.** Good cause exists to redact the following pages and lines: 5:6-25 and 6:1-25. The Court denies the motion to redact any portion of the transcript not listed above because those portions do not contain specific information regarding the alleged trade secrets at issue. |
| Dkt. No. 343-8 | Inspection Observations | **Granted.** The observations contain specific information regarding the alleged trade secret at issue. |
| Dkt. No. 343-9 | Response Letter | **Granted.** The letter contains specific information regarding the alleged trade secret at issue. |
| Dkt. No. 343-10 | Letter | **Granted.** The letter contains specific information regarding the alleged trade secret at issue. |
| Dkt. No. 343-11 | Response Letter | **Granted.** The letter contains specific information regarding the alleged trade secret at issue. |
| Dkt. No. 343-12 | Deposition Transcript Excerpts (Maryel Gonzalez-Perez) | **Granted in part.** Good cause exists to redact the following pages and lines: 7:2-19; 8:24-25; 9:1-25; 10:1-25; 12:7-25; 13:1-25; 14:22-25; 15:1-25; 16:1-21; 17:1-15; 18:1-25; and 19:1-25. The Court denies the motion to redact any portion of the transcript not listed above because those portions do |

| Judicial Record | Document Description | Court's Ruling |
|---|---|---|
| | | not contain specific information regarding the alleged trade secrets at issue. |
| Dkt. No. 343-16 | Quality Analysis | **Granted.** The analysis contains specific information regarding the alleged trade secret at issue. |
| Dkt. No. 343-17 | Batch Record Form | **Granted.** The form contains specific information regarding the alleged trade secret at issue. |

### B.  Plaintiff's Motion to Seal – Dkt. No. 346

Plaintiff moves unopposed to seal its entire opposition to Defendants' motion to compel and all attached exhibits in their entirety. Dkt. No. 346. Plaintiff contends there is good cause to do so for the same reasons as discussed above. The Court disagrees that the entire motion and all attached exhibits need to be sealed to prevent the specific prejudice or harm to which Plaintiff refers. The Court rules on the motion as follows:

| Judicial Record | Document Description | Court's Ruling |
|---|---|---|
| Dkt. No. 347 | Plaintiff's Opposition to Defendants' Motion to Compel | **Granted in part.** Good cause exists to redact the following pages and lines: 2:5-28; 3:1-8, 12-13, 17-28; 4:1-24; 5:3-28; 6:1-5, 11-21; 7:13-14, 21-22; 8:3-4, 19-28; 9:1-28; 10:1-21; and 11:6-19. The Court denies the motion to redact any portion of the transcript not listed above because those portions do not contain specific information regarding the alleged trade secrets at issue. |
| Dkt. No. 347-1 | Declaration of Jan Torres | **Granted.** The declaration contains specific information regarding the alleged trade secret at issue. |

| Judicial Record | Document Description | Court's Ruling |
|---|---|---|
| Dkt. No. 347-2 | Chart of Bates Numbers | **Denied.** The chart does not contain specific information regarding the alleged trade secret at issue. |
| Dkt. No. 347-3 | Deposition Transcript Excerpts (Dr. Duncan Ross) | **Granted in part.** Good cause exists to redact the following page and lines: 3:9-23. The Court denies the motion to redact any portion of the transcript not listed above because those portions do not contain specific information regarding the alleged trade secrets at issue. |
| Dkt. No. 347-4 | Deposition Transcript Excerpts (Dr. Duncan Ross) | **Granted.** The excerpts contain specific information regarding the alleged trade secret at issue. |
| Dkt. No. 347-5 | Batch Comparison Report | **Granted.** The report contains specific information regarding the alleged trade secret at issue. |

There is a strong presumption in favor of access to judicial records, overcome only by particularized showings of specific prejudice. The Court advises the parties that, in the future, it favors motions to seal specific documents with proposed redactions over motions to seal entire briefs and all supporting documents. *See Sundby v. Marquee Funding Grp., Inc.*, No. 19-CV-00390-GPC-AHG, 2020 WL 4015694, at *4 (S.D. Cal. July 16, 2020) (denying motion to seal because "redactions will eliminate the need for sealing").

///
///
///
///
///
///

# III.
# CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1. The Court **GRANTS IN PART** Defendants' Motion to Seal [Dkt. No. 342]. Defendants must refile Dkt. No. 344 and all attached exhibits with redactions consistent with the table in section A above by not later than **November 29, 2024**.

2. The Court **GRANTS IN PART** Plaintiff's Motion to Seal [Dkt. No. 346]. Plaintiff must refile Dkt. No. 348 and all attached exhibits with redactions consistent with the table in section B above by not later than **November 29, 2024**.

**IT IS SO ORDERED.**

Dated: November 20, 2024

Hon. David D. Leshner
United States Magistrate Judge