# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| KIMERA LABS INC, | Case No. 21-cv-2137-MMA-DDL |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO WITHDRAW** |
| v. | [Doc. No. 374] |
| RAJ JAYASHANKAR, et al., | |
| Defendants. | |

On December 16, 2024, Plaintiff Kimera Labs Inc.'s ("Plaintiff") counsel Jon F. Cieslak and Bona Law PC (collectively "Bona Law") filed a motion to withdraw as counsel for Plaintiff. Doc. No. 374. Bona Law represents that neither counsel for Defendants Raj Jayashankar, Exocel Bio Inc., Alejandro Contreras, and Deb Hubers (collectively "Defendants"), nor Plaintiff itself, opposes its motion. Doc. No. 374-1 ("Cieslak Decl.") at ¶¶ 10–11. For the reasons below, the Court **GRANTS** Bona Law's motion to withdraw.

# I. Background

Plaintiff filed an initial complaint on December 28, 2021, alleging misappropriation of trade secrets relating to "a trade secret consisting of a proprietary method of growing, harvesting, and filtering exosomes derived from placental mesenchymal stem cells for use in therapeutic products." Doc No. 1 ("Compl.") ¶ 10. Plaintiff filed a first amended complaint on May 11, 2022, and a second amended complaint on November 10, 2022, after the Court granted Defendants' motion to dismiss with leave to amend. Doc Nos. 31, 50, 51. Litigation in this matter has extended for nearly three years, including substantial disputes between the parties over discovery. *See, e.g.*, Doc Nos. 144, 189, 221, 246, 280, 353.

On December 4, 2024, Plaintiff's former attorneys Peter T. Mavrick, Esq., Jacob M. Resnick, Esq., Karen Lowell, Esq., Olivia Retenauer, Esq., and the Mavrick Law Firm (collectively "the Mavrick Attorneys") moved to withdraw as counsel, which the Court granted after previously denying their November 30, 2024, motion for the same. Doc. Nos. 363, 365, 369. As the reason for their withdraw, the Mavrick Attorneys cited "a conflict of interest arising from attorney and client taking opposing positions as to Kimera's discovery obligations to the Court . . . and Counsel's obligations to the Court[,]" leading to "antagonism between attorney and client concerning these matters" that could not be resolved. Doc No. 365 at 2. On December 16, 2024, Bona Law filed the instant motion.

# II. Legal Standard

An attorney may not withdraw as counsel of record except by leave of the court. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The "decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Westhoff Vertriebsges mbH v. Berg*, No. 22-CV-0938-BAS-SBC, 2024 WL 947803 *1 (S.D. Cal. Feb. 14, 2024) (quoting *Garrett v. Ruiz*, No. 11-CV-2540-IEG WVG, 2013 WL 163420 *2 (S.D. Cal. Jan. 14, 2013)) (internal quotation marks omitted). In ruling on a motion to withdraw as counsel, courts evaluate the following: "(1) the

reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id.* (quoting *Garrett*, 2013 WL 163420, at *2).

Pursuant to Civil Local Rule 83.3.f.3, an attorney seeking to withdraw must serve their motion both on the adverse party and upon their own client and submit a declaration pertaining to such service. CivLR 83.3.f.3. Failure to comply with these requirements warrants denial. *Id.* at 83.3.f.3.b.

### III. DISCUSSION

As an initial matter, Bona Law has complied with Civil Local Rule 83.3.f.3 by submitting a declaration reflecting that they served their motion on Plaintiff by electronic and United States mail. Doc. No. 374 at 7. The Court likewise determines that Plaintiff properly served Defendants through use of the Court's Electronic Filing Service pursuant to Civil Local Rules 5.2 and 5.4.c–d.

First, Bona Law presents two primary reasons for their withdrawal: (1) "the same conflicts of interest that justified Mavrick Law's withdrawal," stemming in part from "work[ing] at the direction of and solely in communication with Mavrick Law"; and (2) that "due to the limited role for which [Plaintiff] hired it, [Bona Law] is unprepared to substantively litigate the case." Doc No. 374 at 4. Bona Law additionally represents that Plaintiff "does not object to undersigned counsel's withdrawal." Cieslak Decl. ¶ 10. Pursuant to the California Rules of Professional Conduct, an attorney may terminate representation with the tribunal's permission if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. St. R.P.C. R. 1.16(b)(5), 1.16(c); *Westhoff Vertriebsges mbH* 2024 WL 947803 at *1. Bona Law cites the same rationale offered by the Mavrick Attorneys as its reason for withdrawing. Specifically, Bona Law refers to a "conflict of interest" created by Plaintiff's and counsel's opposing views regarding discovery obligations—a disagreement that the Mavrick Attorneys represented could not be resolved. *See* Doc.

No. 374 at 4 (referencing Doc. No. 365 at 2). The Court finds that, especially considering the extensive discovery conducted in this action and that discovery's dispute-heavy nature, an irreconcilable disagreement over the nature of discovery obligations renders representation unreasonably difficult and justifies withdrawal. *Cf. M.H. by & through Arterberry v. Kern High Sch. Dist.*, No. 123CV00531KESCDB, 2024 WL 1623398 *2 (E.D. Cal. Apr. 15, 2024); *Peterson v. Thomson Int'l, Inc.*, No. 122CV00701JLTCDB, 2024 WL 1054919 *1 (E.D. Cal. Mar. 11, 2024); *Trustees of Operating Eng'rs Pension Tr. v. Smith-Emery Co.*, No. 2:19-CV-04058-CAS-AFMX, 2021 WL 12307474 *2–3 (C.D. Cal. Nov. 22, 2021).

Additionally, the Rules of Professional Conduct permit an attorney to withdraw if "the client knowingly and freely assents to termination of the representation." Cal. St. R.P.C. R. 1.16(b)(6). Bona Law represents that Plaintiff "does not object to undersigned counsel's withdrawal." Cieslak Decl. ¶ 10. Therefore, the Court determines that Bona Law states sufficient reason for withdrawal.[1]

Second, the Court determines that allowing counsel to withdraw at this stage will not meaningfully prejudice Defendants. Bona Law represents that Defendants do not oppose its motion to withdraw. Cieslak Decl. ¶ 11. Further, this case is still in discovery and, pursuant to Magistrate Judge David D. Leshner's December 17, 2024 amended scheduling order, discovery will not close until February 10, 2025. *See* Doc. No. 376. Given the new, extended deadlines, it is unlikely that Defendanst' ability to conduct discovery or otherwise defend the case will be prejudiced by Bona Law's withdrawal.

Third, the Court determines that withdrawal will not negatively impact the administration of justice, nor will it substantially delay the case. Bona Law represents that Plaintiff is working diligently to retain new counsel and intends for new counsel to

---

[1] Because the Court finds these arguments sufficient to justify withdraw, it need not analyze Bona Law's argument that "due to the limited role for which [Plaintiff] hired it, [Bona Law] is unprepared to substantively litigate the case." Doc No. 374 at 4.

represent it in all facets moving forward." Cieslak Decl. ¶ 10.  Additionally, the new deadlines above allow time for Plaintiff to find new counsel without unduly disrupting the schedule moving forward.  Finally, as Magistrate Judge Leshner advised in the amended scheduling order, "[r]equests for further modifications to the pretrial schedule will not be granted absent a showing of exceptional circumstances," ensuring that further delay is not likely.  Doc. No. 376 at 2.  Therefore, the Court finds that the relevant factors weigh in favor of granting Counsel's motion.

### IV. CONCLUSION

For these reasons, the Court **GRANTS** Bona Law's motion to withdraw.  The Court **DIRECTS** the Clerk of Court to update the docket of this action accordingly.

Plaintiff, however, cannot proceed without counsel.  The Civil Local Rules provide that "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney . . . . All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3."  CivLR 83.3.j.  Consequently, the Court **DIRECTS** Plaintiff to obtain new counsel, who must file a notice of appearance in this action as soon as practicable and in no event later than **January 7, 2024**.

The Court cautions Plaintiff that the failure to comply with this Order and obtain new counsel may result in this action's termination, including dismissal or default judgment.

The Court further **DIRECTS** the Clerk of Court to serve a copy of this Order on Plaintiff as reflected in the Proof of Service at Doc. No. 374:

> Kimera Labs, Inc.
> Attn: Lisa McMillion
> 2810 N Commerce Pkwy
> Miramar, FL 33025
> lisa.mcmillion@kimeralabs.com

Given the December 17, 2024 amended scheduling order, the Court will take no further action on Bona Law's request that "all deadlines and court related events be continued and extended for 20 days after Kimera retains new counsel to permit Kimera sufficient time for Kimera's new counsel to comply with the Court's rulings." Doc. No. 374 at 6.

**IT IS SO ORDERED**.

Dated: December 18, 2024

HON. MICHAEL M. ANELLO
United States District Judge