UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMERA LABS INC,<br><br>                    Plaintiff,<br><br>v.<br><br>RAJ JAYASHANKAR, et al.,<br><br>                    Defendants. | Case No. 21-cv-2137-MMA-DDL<br><br>**ORDER DENYING EX PARTE MOTION TO FILE UNDER SEAL WITHOUT PREJUDICE TO REFILING**<br><br>[Doc. No. 394] |

On May 2, 2025, Defendants Raj Jayashankar, Exocel Bio Inc., Alejandro (Alex) Contreras, and Deb Hubers (collectively "Defendants") filed a motion, *ex parte*, to file under seal their forthcoming motion brought pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Doc. No. 394. Defendants represent that Plaintiff Kimera Labs Inc. ("Plaintiff") does not oppose their motion to seal. *Id.* at 2. For the reasons below, the Court **DENIES** Defendants' motion **without prejudice to refiling**.

## I. BACKGROUND

This action arises, in short, over allegations of corporate espionage and trade secret misappropriation. Doc. No. 51 ("SAC") ¶ 2. Plaintiff "is an FDA-registered tissue processing laboratory that specializes in scientific research . . . ." *Id.* ¶ 1. Plaintiff alleges that, by way of one of Plaintiff's then-employees, Defendants Jayashankar, Contreras, and Hubers "misappropriate[ed] and use[d] . . . [Plaintiff's] trade secrets and other confidential information to create Exocel Bio, a competing business[,] to manufacture and sell the same kind of product as [Plaintiff]." *Id.* ¶ 2.

Plaintiff filed its initial complaint on December 28, 2021, an amended complaint on May 11, 2022, and the operative second amended complaint on November 10, 2022. *See* Doc. Nos. 1, 31, 51. Plaintiff brings two causes of action under the federal Trade Secrets Act and one count of unjust enrichment under Florida law. SAC ¶¶ 14–68. The parties have litigated this case since, developing an extensive record.

## II. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). This is "because court records often provide important, sometimes the only, bases or explanations for a court's decision." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quotation marks omitted). Accordingly, when considering a request to seal, "a strong presumption in favor of access" is generally a court's "starting point." *United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1194 (9th Cir. 2011) (quoting *Kamakana*, 447 F.3d at 1178). For filings more than tangentially relevant to the case's merits, that presumption can be overcome only by a showing of a "compelling reason," that "outweigh[s] the general history of access and the public policies favoring disclosure." *Id.* at 1194–95; *Settrini v. City of San Diego*, No. 320CV02273RBMBGS, 2022 WL 6785755 *1 (S.D. Cal. Oct. 11, 2022). "When the underlying motion does not surpass . . . tangential

relevance . . . [a] 'good cause' standard applies." *Settrini*, 2022 WL 6785755 at *1.

### III. DISCUSSION

Defendants move to seal their forthcoming *Daubert* motion and exhibits concerning Plaintiff's expert, Gary R. Trugman, CPA/ABV, FASA, MVS ("Trugman"). Doc. No. 394 at 2. That motion, Defendants claim,

> describes and/or attaches information and documents produced in this litigation that Kimera has designated "CONFIDENTIAL" and "CONFIDENTIAL – FOR COUNSEL ONLY" pursuant to the Protective Order [. . . which mandates that] a party seeking to file material designated confidential information "must seek permission of the Court to file the material under seal."

*Id.*

Defendants do not address whether their *Daubert* motion is subject to the "compelling reason" or "good cause" standard. However, as a *Daubert* motion seeks to exclude an expert witness's testimony at trial, such a motion would generally relate more than tangentially to the case's merits. *See generally Daubert*, 509 U.S. 579. Previewing the proposed sealed document, the Court determines for the purposes of this motion that this is the case here. *See* Doc. No. 395.

Regardless, a blanket discovery protective order is not itself sufficient to show good cause, let alone compelling reasons, for sealing particular documents. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131, 1133 (9th Cir. 2003); *San Jose Mercury News, Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Sihler v. Fulfillment Lab., Inc.*, No. 20cv1528-LL-MSB, 2023 WL 4339720, at *1 (S.D. Cal. Mar. 13, 2023) ("The fact that the exhibits are subject to a protective order is not a compelling reason."). Defendants provide no explanation as to what substantive material in the motion and exhibits warrants sealing, or why—beyond the fact that counsel marked it "confidential" pursuant to the protective order. Doc. No. 394 at 2. Without such explanation and argument, the Court cannot find that compelling reason or good cause

exists to seal any material, let alone an entire motion.

## IV. CONCLUSION

For these reasons, the Court **DENIES** Defendants' motion to file under seal **without prejudice to refiling**. The Court further **DIRECTS** the Clerk of Court to strike the proposed sealed filing, Doc. No. 395. Finally, the Court **EXTENDS**, *sua sponte*, the deadline for the parties to file or refile dispositive motions, including *Daubert* motions, to on or before **May 9, 2025**. All other dates and deadlines remain as scheduled.

**IT IS SO ORDERED**.

Dated: May 2, 2025

HON. MICHAEL M. ANELLO
United States District Judge