UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KIMERA LABS INC,

                                    Plaintiff,

v.

RAJ JAYASHANKAR, et al.,

                                    Defendants.

Case No. 21-cv-2137-MMA-DDL

**ORDER GRANTING EX PARTE MOTIONS TO FILE UNDER SEAL AND JOINT MOTION TO STRIKE**

[Doc. Nos. 400, 403, 406, 412, 415, 418, 421]

        On May 9, 2025, Defendants Raj Jayashankar, Exocel Bio Inc., Alejandro (Alex) Contreras, and Deb Hubers (collectively, "Defendants") filed motions, *ex parte*, to file under seal unredacted versions of two motions and exhibits brought pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), as well as a motion for summary judgment and exhibits. Doc. Nos. 400, 403, 406. That same date, Plaintiff Kimera Labs Inc. ("Plaintiff") filed motions to seal unredacted versions of three motions and exhibits brought pursuant to *Daubert*. Doc. Nos. 412, 415, 418. The Court received no

oppositions or communications from the parties requesting additional time to respond to the requests that do not indicate consent, as required by the Court's civil chambers rules. *See* J. Anello Civ. Chambers R. VIII.[1]  Thus, the Court considers these motions unopposed. *Id.*  For the reasons below, the Court **GRANTS** the motions to seal and the joint motion.

On May 12, 2025, the parties filed a joint motion to strike Doc. Nos. 399 and 402 and for leave to filed corrected versions.  Doc. No. 421.  Upon due consideration, good cause appearing, the Court **GRANTS** the joint motion.

## I. BACKGROUND

This action arises over allegations of corporate espionage and trade secret misappropriation.  Doc. No. 51 ("SAC") ¶ 2.  Plaintiff "is an FDA-registered tissue processing laboratory that specializes in scientific research . . . ." *Id.* ¶ 1.  Plaintiff alleges that, by way of one of Plaintiff's then-employees, Defendants Jayashankar, Contreras, and Hubers "misappropriate[ed] and use[d] . . . [Plaintiff's] trade secrets and other confidential information to create Exocel Bio, a competing business[,] to manufacture and sell the same kind of product as [Plaintiff]." *Id.* ¶ 2.

Plaintiff filed its initial complaint on December 28, 2021, an amended complaint on May 11, 2022, and the operative second amended complaint on November 10, 2022. *See* Doc. Nos. 1, 31, 51.  Plaintiff brings two causes of action under the federal Trade Secrets Act and one count of unjust enrichment under Florida law.  SAC ¶¶ 14–68.

## II. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  This is "because court records often

---

[1] Defendants represent that Plaintiff does not object to its motion to seal concerning the motion for summary judgment.  Doc. No. 406 at 4.  Plaintiff represents that Defendants do not object to its motions to seal the *Daubert* motions concerning Drs. Sayeed and Olson.  Doc. No. 412, 415.

provide important, sometimes the only, bases or explanations for a court's decision." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quotation marks omitted). Accordingly, when considering a request to seal, "a strong presumption in favor of access" is generally a court's "starting point." *United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1194 (9th Cir. 2011) (quoting *Kamakana*, 447 F.3d at 1178). For filings more than tangentially relevant to the case's merits, that presumption can be overcome only by a showing of a "compelling reason," that "outweigh[s] the general history of access and the public policies favoring disclosure." *Id.* at 1194–95; *Settrini v. City of San Diego*, No. 320CV02273RBMBGS, 2022 WL 6785755 *1 (S.D. Cal. Oct. 11, 2022). "When the underlying motion does not surpass . . . tangential relevance . . . [a] 'good cause' standard applies." *Settrini*, 2022 WL 6785755 at *1.

### III. DISCUSSION

As the parties have each filed several motions to seal, the Court will address them by filing party. As a preliminary matter, Defendants argue that the "compelling reason" standard discussed above applies to their pending motions to seal. Doc. No. 400 at 5; *see* Doc. No. 406 at 3. Plaintiffs appear to agree as to its motions. *See* Doc. No. 412 at 2. As discussed in its previous order, the Court agrees that this is the applicable standard. Doc. No. 397 at 4.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "Courts have held that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' also satisfies the compelling reasons standard." *Nia v. Bank of Am., N.A.*, No. 21-CV-1799-BAS-BGS, 2024 WL 171659 *3 (S.D. Cal. Jan. 12, 2024). Courts have held this latter category to include confidential information about a business's

profits, expenditures, and losses. *See Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 1030–31 (S.D. Cal. 2021), *aff'd*, No. 2021-1856, 2022 WL 1436146 (Fed. Cir. May 6, 2022).

## A.  Defendants' Motions

Defendants move to seal an unredacted version of their *Daubert* motion and exhibits concerning Plaintiff's expert, Gary R. Trugman, CPA/ABV, FASA, MVS ("Dr. Trugman").  Doc. No. 400.  Additionally, Defendants seek to file an unredacted version of their *Daubert* motion concerning Plaintiff's technical expert, Dr. Henry Furneax ("Dr. Furneax").  Doc. No. 403.  Finally, Defendants seek to file under seal an unredacted version of their motion for summary judgment, and Exhibits 1-3, 6-11, 14-19, which are marked as confidential but which Defendants argue are not truly proper for sealing.

Turning to the motion concerning Dr. Trugman, Defendants argue that all information they seek to seal represents confidential financial information that may harm Defendant Exocel Bio Inc.'s competitive position.  Doc. No. 400 at 5–6.  Having reviewed the unredacted motion and exhibits, all information Defendants seek to redact in the motion itself are dollar figures concerning royalties or revenue. *Compare* Doc. No. 407 at 24 *with* Doc. No. 401 at 24.  The same is true for the Exhibit 1, with the addition of confidential processes. *See, e.g.*, Doc. No. 407-2 at 3, 8, 11; Doc. 401-1 at 3, 8, 11. Redactions as to Exhibit 3 concern confidential business techniques and processes. *See, e.g.*, Doc. No. 407-4 at 3; Doc. No. 401-2 at 3–4.  Redactions to Exhibit 5 also concern royalty figures, and potential damages figures directly derived therefrom.  Doc. No. 407-6 at 7; Doc. No. 401-3 at 7.  Thus, sealing is appropriate for these portions of the motion and exhibits.  Additionally, Defendants redact information sparingly, including only the minimum necessary to keep confidential these figures. *See generally* Doc. Nos. 407–407-6.  Therefore, the Court determines that Defendants have met their burden.

As to the Furneaux motion, the exhibits Defendants seek to seal are, as they assert, entirely made up of Plaintiff's trade secret disclosures and reports and depositions discussing confidential processes and trade secrets. *See* Doc. No. 404-1–404-5.  Thus,

sealing is appropriate, as is sealing these documents in their entirety—due to the volume and frequency of the content appropriate for sealing throughout, redaction would be ineffective and wasteful.  In the motion itself, Defendants redact only content necessary to preserve confidential trade secrets.  *Compare* Doc. No. 402 *with* Doc. No. 404.

Finally, as to the motion for summary judgment, "Defendants disagree with [Plaintiff's] confidentiality designations and dispute that the documents are worthy of sealing[,]" because, as their motion for summary judgment asserts, they believe Plaintiff "fail[s] to identify a legally protectable trade secret."  Doc. No. 406 at 4.  Nevertheless, they request the Court seal pursuant to the protective order, stating that Plaintiff must "file a joinder and provide the legal basis for sealing Defendants' [m]otion for [s]ummary [j]udgment . . . and [e]xhibits."  *Id.*  While the Court understands this position to be consistent with the arguments underpinning the motion for summary judgment, Doc. No. 408 at 7, the Court does not read it as consistent with the protective order, which states only that "before any materials . . . designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal."  Doc. No. 124 at 6.  To rule on this basis would be, in effect, to rule on summary judgment, and to wait until summary judgment to rule on the motion to seal would be inefficient and ultimately futile.  Defendant provides notice of the basis for sealing (protecting alleged trade secrets) and represents that Plaintiff does not object to sealing the documents.  Doc. No. 406 at 3–4.  Thus, the Court determines it has sufficient foundation to assess the motion without further briefing.

As to the exhibits for sealing here and separate statement of facts, the proposed sealed exhibits contain discussion of Plaintiff's alleged trade secrets all throughout, and some are among those also attached to the two *Daubert* motions.  *See generally* Doc. No. 410-1–410-16.  As such, mere redaction would be ineffective. Reviewing the motion itself, the redacted portions discuss alleged trade secrets and confidential processes central to Plaintiff's operations and the claims.  *See, e.g.* Doc. No. 408 at 9–12; Doc. No.

410 at 8–12. Defendant redacts the filings sparingly, and only as relevant to the alleged sensitive material. Thus, sealing is proper.

**B.    Plaintiff's Motions**

Plaintiff seeks to file under seal unredacted versions of its three *Daubert* motions concerning Defendants experts Dr. Aejax Sayeed ("Dr. Sayeed"), Dr. Scott Olson ("Dr. Olson", and Ms. Lisl Unterholzner ("Ms. Unterholzner"), respectively. Doc. Nos. 412, 415, 418. Plaintiff asserts that the sealed version of each contains information related to its trade secrets, which would reveal those secrets if filed openly, though it does not provide specific details. *See, e.g.*, Doc. No. 412.

As to the motion to file under seal documents concerning Plaintiff's *Daubert* motion for Dr. Sayeed, the redacted exhibit materials appear to contain information related to the alleged trade secrets in this case, and discussion thereof. *See, e.g.* Doc. No. 413-5; Doc. No. 413-6 at 5. Likewise, the redactions are reasonably minimal and restricted to discussion of trade secrets or confidential processes. *Compare* Doc. No. 411-6 at 5 *with* Doc. No. 413-6 at 5; *compare* Doc. No. 411-10 at 3–5 *with* 413-10 at 3–5; *see* Doc. No. 411-13. The same is true of the motion itself. *Compare* Doc. No. 411 *with* Doc. No. 413.

Turning to the motion for Dr. Olson, Plaintiff takes a similar, narrow approach, redacting only those sections with trade secret information or specific discussion thereof. *Compare* Doc. 414 *with* Doc. No. 416; *Compare* Doc. No. 414-5 *with* Doc. No. 416-5. Though there are some documents within of questionable import or confidential nature, *see, e.g.*, Doc. No. 416-3, their bearing on the properly sealed documents and minimal content are such that the Court will seal them as well.

As to the motion for Ms. Unterholzner, Plaintiff's "trade secrets" argument is weaker. Many of the redactions throughout the exhibits correlate to damages, profit, and revenue figures rather than trade secrets. *See, e.g.*, Doc. No. 417-2 at 4, 8, 14; Doc. No. 419-2 at 4, 8, 14; Doc. No. 417-3 at 9; Doc. No. 419-3 at 9. The same is true of the redacted portions in the motion itself. *See, e.g.*, Doc. No. 417 at 10; Doc. No. 419 at 10.

Nonetheless this sort of information may be sealed. *See Pulse Elecs., Inc.*, 530 F. Supp. 3d at 1030–31. Likewise, many of these documents are the same as those Defendants seek to seal in their motion concerning Dr. Trugman. *Compare* Doc No. 419-2 *with* Doc. No. 401-1. Thus, the Court determines the request to seal the documents is proper, if for a different reason than Plaintiff articulates.

## IV. CONCLUSION

For these reasons, the Court **GRANTS** the motions to file under seal and **DIRECTS** the Clerk of Court to file Doc. Nos. 401, 404, 410, 413, 416, 419, and their respective attachments, under seal. The Court further **GRANTS** the parties' joint motion to strike and **DIRECTS** the Clerk of Court to strike Doc. Nos. 399 and 402. The parties may refile the corrected versions of those documents no later than **May 16, 2025**.

As the Court understands the proposed refiled versions to be identical to the existing documents except for corrected redactions, and the Court has already reviewed their contents in deciding the motions to seal, it determines issuing a decision on the motions to seal now is proper, and **DIRECTS** the filing party to **separately** file a notice on the docket indicating: (1) which new filing corresponds to which stricken filing; (2) and any changes in pagination between new and old versions, to preserve the usefulness of citations herein to documents that will be stricken.

**IT IS SO ORDERED**.

Dated: May 14, 2025

HON. MICHAEL M. ANELLO
United States District Judge