# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMERA LABS INC, <br><br> Plaintiff, <br><br> v. <br><br> RAJ JAYASHANKAR, et al., <br><br> Defendants. | Case No. 21-cv-2137-MMA-DDL <br><br> **ORDER GRANTING MOTIONS TO SEAL** <br><br> [Doc. Nos. 431, 434, 439, 442] |

On June 16, 2025, Defendants Raj Jayashankar, Exocel Bio Inc., Alejandro (Alex) Contreras, and Deb Hubers (collectively, "Defendants"), *ex parte*, filed two motions to seal their respective responses in opposition to Plaintiff Kimera Labs Inc.'s ("Plaintiff") *Daubert* motions concerning expert witnesses Dr. Aejaz Sayeed and Dr. Scott D. Olson. Doc. Nos. 431, 434. That same date, Plaintiff, *ex parte*, filed two motions to seal, one as to its response opposition to Defendants' *Daubert* motion concerning expert witness Dr. Henry M. Furneaux, and the other as to its response in opposition to Defendants' motion for summary judgment. Doc. Nos. 439, 442. For the following reasons, the Court **GRANTS** the motions to seal.

## I. Background

This action arises over allegations of corporate espionage and trade secret misappropriation. Doc. No. 51 ("SAC") ¶ 2. Plaintiff "is an FDA-registered tissue processing laboratory that specializes in scientific research . . . ." *Id.* ¶ 1. Plaintiff alleges that, by way of a then-employee familiar with its confidential processes, Defendants Jayashankar, Contreras, and Hubers "misappropriate[ed] and use[d] . . . [Plaintiff's] trade secrets and other confidential information to create Exocel Bio, a competing business[,] to manufacture and sell the same kind of product as [Plaintiff]." *Id.* ¶ 2.

Plaintiff filed its initial complaint on December 28, 2021, an amended complaint on May 11, 2022, and the operative second amended complaint on November 10, 2022. *See* Doc. Nos. 1, 31, 51. Plaintiff brings two causes of action under the Federal Trade Secrets Act and one count of unjust enrichment under Florida law. SAC ¶¶ 14–68. A hearing on the parties' respective *Daubert* motions and Defendants' motion for summary judgment is currently set for June 30, 2025.

## II. Legal Standard

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). This is "because court records often provide important, sometimes the only, bases or explanations for a court's decision." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quotation marks omitted). Accordingly, when considering a request to seal, "a strong presumption in favor of access" is generally a court's "starting point." *United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1194 (9th Cir. 2011) (quoting *Kamakana*, 447 F.3d at 1178). For filings more than tangentially relevant to the case's merits, that presumption can be overcome only by a showing of a "compelling reason," that "outweigh[s] the general history of access and the public policies favoring disclosure." *Id.* at 1194–95.

For filings that do not meet this "tangential relevance" threshold, the Court applies a "good cause" standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097–1102 (9th Cir. 2016).

### III. DISCUSSION

As a preliminary matter, and as it has in prior orders sealing documents related to the pending *Daubert* and summary judgment motions, the Court finds that the "compelling reason" standard discussed above applies to the motions to seal. *See* Doc. No. 422 at 3; Doc. No. 397 at 4. Generally, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "Courts have held that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' also satisfies the compelling reasons standard." *Nia v. Bank of Am., N.A.*, No. 21-CV-1799-BAS-BGS, 2024 WL 171659 *3 (S.D. Cal. Jan. 12, 2024). This includes confidential information about business profits, expenditures, and losses. *See Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 1030–31 (S.D. Cal. 2021), *aff'd*, No. 2021-1856, 2022 WL 1436146 (Fed. Cir. May 6, 2022).

**A.     Defendants' Motions**

Defendants seek to seal their respective responses in opposition to Plaintiff's *Daubert* motions concerning expert witnesses Drs. Sayeed and Olson. Doc. Nos. 431, 434. Defendants represent that Plaintiff's counsel does not object to either motion. Doc. No. 431 at 4; Doc. No. 434 at 4.[1]

---

[1] In their motions to seal, Defendants repeat their argument that Plaintiff "has failed to identify a legally protectable trade secret . . ." and that thus sealing is unnecessary. Doc. No. 431 at 4; Doc. No. 434 at 4. The Court, as it has before, finds that "[t]o rule on this basis [on a motion to seal] would be, in effect, to rule on summary judgment, and to wait until summary judgment to rule on the motion to seal would be inefficient and ultimately futile." Doc. No. 422 at 5. Thus, the Court declines to rule on that basis now.

The Court begins with Defendants' response in opposition to Plaintiff's *Daubert* motion concerning Dr. Sayeed. Doc. Nos. 432, 433. Upon review, the portions Defendants seek to seal contain detailed discussion and description of Plaintiff's confidential processes and methods. *Compare* Doc. No. 432 at 19 *with* Doc. No. 433 at 19. This content is minimal compared to the filing as a whole, and Defendants thus provide a public version redacting only the minimum confidential information. *See generally* Doc. No. 433. The exhibits sealed alongside also contain detailed discussion as to Plaintiff's purportedly confidential processes in the form of discovery responses and excerpted deposition portions, in an amount rendering mere redaction inefficient and impracticable. Doc. No. 432-2–432–3. Sealing the material is therefore proper.

The Court next examines Defendants' response in opposition to Plaintiff's *Daubert* motion concerning Dr. Olson. Doc. Nos. 435, 436. The sealed portions contain information involving the details of Plaintiff's manufacturing processes. *Compare* Doc. No. 435 at 8 *with* Doc. No. 436 at 8. The exhibits sealed alongside similarly contain detailed discussion as to Plaintiff's confidential processes and appear to be identical to those they seek to seal in their motion concerning Dr. Sayeed, discussed above. *Compare* Doc. No. 432-2–432–3 *with* Doc. No. 435-2–435–3. As with that response in opposition, Defendants here submit a publicly filed version, redacting only the amount of content necessary to preserve these processes' confidential nature. *See generally* Doc. No. 436. This material is appropriate for sealing. The Court therefore **GRANTS** Defendants' motions to seal.

**B.     Plaintiff's Motions**

Turning to Plaintiff's motions, it seeks to seal its responses in opposition to Defendants' *Daubert* motion concerning Dr. Furneaux and Defendants' motion for summary judgment. Doc. Nos. 439, 442. Plaintiff represents that Defendants do not object to its motions to seal. Doc. No. 439 at 2; Doc. No. 442 at 2.

As to Plaintiff's response in opposition to Defendants' *Daubert* motion, the materials Plaintiff seeks to seal generally contain detailed information about its

confidential business processes. *Compare* Doc. No. 438 at 5 *with* Doc. No. 440 at 5; *compare* Doc. No. 438 at 13–14 *with* Doc. No. 440 at 13–14 ; *but see* Doc. No. 438 at 10; Doc. No. 440 at 10.  Plaintiff likewise filed a public version of its opposition, redacting minimal amounts of information.  Doc. No. 438.   Sealing is therefore appropriate.

Finally, the material Plaintiff seeks to seal within its response in opposition to Defendants' motion for summary judgment falls within similar lines.  These portions discuss, in detail and depth, the purportedly confidential production processes at the case's heart.  *Compare* Doc. No. 441 at 9–14 *with* Doc. No. 443 at 9–14.  The same is true of most exhibits it seeks to seal in support of that response.  *Compare* Doc. No. 441-1 *with* Doc. No. 443-1; *Compare* Doc. No. 441-10 at 14 *with* Doc. No. 443-10 at 14; *see* Doc. Nos. 443-2, 443-15, 443-18, 443-21–443-22.  Other sealed exhibits discuss confidential business information. *See, e.g.*, Doc. Nos. 443-9, 443-16, 443-30.  Plaintiff also filed a public version of its opposition and, where practicable, public versions of its proposed sealed exhibits—each with redactions limited to the specific sensitive information.[2]  *See generally* Doc. No. 441; *see, e.g.*, Doc. Nos. 441-3, 441-8, 441-26.  Thus, sealing is proper, and the Court therefore **GRANTS** Plaintiff's motions.

### IV. CONCLUSION

For these reasons, the Court **GRANTS** the motions to file under seal and **DIRECTS** the Clerk of Court to file Doc. Nos. 432, 435, 440, and 443, and their respective attachments, under seal.

**IT IS SO ORDERED**.

Dated: June 23, 2025

HON. MICHAEL M. ANELLO
United States District Judge

---

[2] For ease, the parties may file exhibit cover pages noting that it seeks to file exhibits or pages under seal, rather than file exhibits with entire pages redacted.  *See, e.g.* Doc. No. 441-1; Doc. No. 441-18.