UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMERA LABS INC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>RAJ JAYASHANKAR, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 21-cv-2137-MMA-DDL<br><br>**ORDER GRANTING MOTIONS TO SEAL REPLY BRIEFS**<br><br>[Doc. Nos. 457, 462] |

On June 23, 2025, Plaintiff Kimera Labs Inc.'s ("Plaintiff"), *ex parte*, filed two motions to seal portions of its replies in support of its *Daubert* motions concerning Defendants Raj Jayashankar's, Exocel Bio Inc., Alejandro (Alex) Contreras, and Deb Hubers' (collectively, "Defendants") expert witnesses, Drs. Scott D. Olson and Aejaz Sayeed. Doc. Nos. 457, 462. Each motion indicates that Defendants do not oppose it, and a redacted version of each brief has been filed on the public docket. Doc. No. 457 at 2; Doc. No. 462 at 2; *see* Doc. Nos. 456, 460. As the Court has now ruled on several such motions, by both parties, at this stage in proceedings, it will forgo a recitation of the relevant background. For the following reasons, the Court **GRANTS** both motions to seal.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). This is "because court records often provide important, sometimes the only, bases or explanations for a court's decision." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quotation marks omitted). Accordingly, when considering a request to seal, "a strong presumption in favor of access" is generally a court's "starting point." *United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1194 (9th Cir. 2011) (quoting *Kamakana*, 447 F.3d at 1178). For filings more than tangentially relevant to the case's merits, that presumption can be overcome only by a showing of a "compelling reason," that "outweigh[s] the general history of access and the public policies favoring disclosure." *Id.* at 1194–95. For filings that do not meet this "tangential relevance" threshold, the Court applies a "good cause" standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097–1102 (9th Cir. 2016).

## II. DISCUSSION

For the same reasons discussed in its prior orders sealing documents related to the pending *Daubert* and summary judgment motions, the Court finds that the "compelling reason" standard applies to the motions to seal. *See* Doc. No. 454 at 3; Doc. No. 422 at 3; Doc. No. 397 at 4. Generally, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "Courts have held that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' also satisfies the compelling reasons standard." *Nia v. Bank of Am., N.A.*, No. 21-CV-1799-BAS-BGS,

2024 WL 171659 *3 (S.D. Cal. Jan. 12, 2024).  This includes confidential information about business profits, expenditures, and losses.  *See Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 1030–31 (S.D. Cal. 2021), *aff'd*, No. 2021-1856, 2022 WL 1436146 (Fed. Cir. May 6, 2022).

Upon review of the documents subject to the motion, the Court finds the portions that Plaintiff seeks to file under seal contain information concerning its purportedly confidential production processes—which it asserts are trade secrets—or information concerning profits and sales.  *Compare* Doc. No. 459 at 4 n.4, 8 *with* Doc. No. 456 at 4 n.4, 8; *Compare* Doc. No. 460 at 4, 6 *with* Doc. No. 463 at 4, 6.  This information, as discussed above, is of the type properly sealed.  Plaintiff also filed publicly available versions of each document it seeks to seal, redacting in general only as much information as is relevant to protect the confidential information within.

### III. CONCLUSION

For these reasons, the Court determines that sealing is appropriate and **GRANTS** the motions to file under seal.  It further **DIRECTS** the Clerk of Court to file Doc. Nos. 459 and 463 under seal.

**IT IS SO ORDERED**.

Dated:  June 25, 2025

HON. MICHAEL M. ANELLO
United States District Judge