# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMERA LABS INC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>RAJ JAYASHANKAR, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 21-cv-2137-MMA-DDL<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO SEAL REPLIES AND OBJECTIONS**<br><br>[Doc. Nos. 445, 450] |

On June 23, 2025, Defendants Exocel Bio Inc., Raj Jayashankar, Alejandro (Alex) Contreras, and Deb Hubers (collectively "Defendants"), *ex parte*, filed two motions to seal, one seeking to seal portions of their objections to Plaintiff's counter-statement of facts and portions of their reply in support of their motion for summary judgment, and the other seeking to seal portions of their reply in support of their motion to exclude Plaintiff's expert, Dr. Henry Furneaux.  Doc. Nos. 445, 450.  Each motion indicates that Plaintiff does not oppose it, and Defendants filed redacted versions of each document on the public docket.  Doc. No. 445 at 4; Doc. No. 450 at 4; *see* Doc. Nos. 448–49, 452. Having ruled on several such motions, the Court will forgo a recitation of the relevant background.  For the following reasons, the Court **GRANTS** both motions to seal.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). This is "because court records often provide important, sometimes the only, bases or explanations for a court's decision." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quotation marks omitted). Accordingly, when considering a request to seal, "a strong presumption in favor of access" is generally a court's "starting point." *United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1194 (9th Cir. 2011) (quoting *Kamakana*, 447 F.3d at 1178). For filings more than tangentially relevant to the case's merits, that presumption can be overcome only by a showing of a "compelling reason," that "outweigh[s] the general history of access and the public policies favoring disclosure." *Id.* at 1194–95. For filings that do not meet this "tangential relevance" threshold, the Court applies a "good cause" standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097–1102 (9th Cir. 2016).

## II. DISCUSSION

For the same reasons discussed in its prior orders sealing documents related to the pending *Daubert* and summary judgment motions, the Court finds that the "compelling reason" standard applies to the motions to seal. *See* Doc. No. 454 at 3; Doc. No. 422 at 3; Doc. No. 397 at 4. Generally, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "Courts have held that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' also satisfies the compelling reasons standard." *Nia v. Bank of Am., N.A.*, No. 21-CV-1799-BAS-BGS,

2024 WL 171659 *3 (S.D. Cal. Jan. 12, 2024). This includes confidential information about business profits, expenditures, and losses. *See Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 1030–31 (S.D. Cal. 2021), *aff'd*, No. 2021-1856, 2022 WL 1436146 (Fed. Cir. May 6, 2022).

Starting with their reply in support of their motion for summary judgment, the portions Defendants seek to seal discuss Plaintiff's purportedly confidential production process. *Compare* Doc. No. 446 at 3–4, 8–9 *with* Doc. No. 448 at 3–4, 8–9. The public version of this filing contains only minimal redactions necessary to prevent disclosure of Plaintiff's purportedly confidential processes. *See* Doc. No. 448. Thus, sealing is proper.

Turning next to Defendants' objections to Plaintiff's counter-statement of facts, the same is true: the redacted portions contain discussion of Plaintiff's purportedly confidential processes, and their publicly filed version is redacted only insofar as is necessary to protect this information. *Compare* Doc. No. 449 at 5–6 with Doc. No. 447 at 5–6; *see generally* Doc. No. 449. Sealing the material is therefore appropriate.

Finally, turning to Defendants' reply in support of their motion to exclude Dr. Furneax, the portions subject to the motion likewise discuss Plaintiff's confidential processes, and are exceedingly minimal. *Compare* Doc. No. 452 at 9 with Doc. No. 451 at 9. The public version likewise contains minimal redactions. *See generally* Doc. No. 452. Accordingly, sealing this material is proper.

### III. CONCLUSION

For these reasons, the Court determines that sealing is appropriate and **GRANTS** the motions to file under seal. It further **DIRECTS** the Clerk of Court to file Doc. Nos. 446, 447, and 451 under seal.

**IT IS SO ORDERED**.

Dated: June 26, 2025

HON. MICHAEL M. ANELLO
United States District Judge