**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KIMERA LABS INC., | Case No.: 3:21-cv-02137-RBM-DDL |
| Plaintiff, | **ORDER GRANTING MOTIONS TO SEAL** |
| v. | |
| RAJ JAYSHANKAR, et al., | **[Docs. 483, 489, 494]** |
| Defendants. | |

Pending before the Court are: (1) Defendants Exocel Bio Inc., Alejandro Contreras, Deb Hubers, and Raj Jayashankar's (collectively "Defendants") Motion to Seal Forthcoming Memorandum in Support of Defendants' Motion for Limited Reconsideration of Order Granting in Part and Denying in Part Motion for Summary Judgment ("Defendants' Motion to Seal") (Doc. 483); (2) Plaintiff Kimera Labs Inc.'s ("Plaintiff") Motion to Seal its Brief in Opposition to Defendants' Motion for Reconsideration ("Plaintiff's Motion to Seal") (Doc. 489); and (3) Defendants' Motion to Seal Forthcoming Reply in Support of Defendants' Motion for Limited Reconsideration of Order Granting in Part and Denying in Part Motion for Summary Judgment ("Defendants' Motion to Seal Reply") (Doc. 494).  All three Motions to Seal are unopposed.  (*See* Doc. 483 at 2; Doc. 489 at 2; Doc. 494 at 2.)

For the reasons set forth below, the Parties' Motions to Seal (Docs. 483, 489, 494) are **GRANTED**.

1

## I.    <u>LEGAL STANDARD</u>

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is "more than tangentially related to the merits of the case[,]" the "compelling reasons" standard applies. *Id*. at 1096–98, 1102. If the underlying motion does not surpass the tangentially related threshold, the "good cause" standard applies. *Id*.

## II.    <u>DISCUSSION</u>

Defendants filed two Motions to Seal—one for their Motion for Limited Reconsideration of Order Granting in Part and Denying in Part Motion for Summary Judgment ("Motion for Reconsideration"), and the other for their Reply in support of their Motion for Reconsideration. (Doc. 483, 494.) Plaintiff seeks to seal its "opposition to Defendants' Motion for Reconsideration with partial redactions." (Doc. 489 at 2.)

In all three Motions to Seal, the Parties move the Court to seal limited portions of their briefs that pertain to Plaintiff's alleged trade secret, which Plaintiff designated as confidential business information. (*See* Doc. 483 at 4; Doc. 489 at 2; Doc. 494 at 4–5.)

3:21-cv-02137-RBM-DDL

Because the Parties' proposed redactions concern the same information, the Court considers all three Motions to Seal concurrently.

Judge Michael M. Anello previously ruled on several similar motions to seal related to Defendant's Motion for Summary Judgment.  (*See* Doc. 422 at 5; Doc. 454 at 3–5; Doc. 466 at 2–3; Doc. 470 at 2–3.)  In doing so, Judge Anello applied the "compelling reason" standard and determined that "information concerning Plaintiff's purportedly confidential production processes—which it asserts are trade secrets—or information concerning profits and sales. . . . is of the type properly sealed." (Doc. 466 at 2–3; *see* Doc. 454 at 5 (finding materials in opposition to "Defendants' motion for summary judgment . . . discuss, in detail and depth, the purportedly confidential production processes at the case's heart.").)

Here, the underlying motion seeks reconsideration of the Court's summary judgment ruling and is therefore "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102.  The Parties seek to seal the same information redacted in their summary judgment briefing which "necessarily describes and/or attaches information and documents produced by [Plaintiff] in this litigation that [Plaintiff] maintains constitutes trade secret information or, if made publicly available, would disclose aspects of information that [Plaintiff] alleges as trade secret information." (Doc. 483 at 2; *see* Doc. 489 at 2; Doc. 494 at 4–5.)  Plaintiff, as the designating party, confirmed that "the information identified . . . must be filed under seal." (Doc. 483 at 2; Doc. 494 at 2.)  The Parties have also publicly filed redacted versions of their reconsideration briefing and their proposed redactions are narrowly tailored to preserve the confidential nature of Plaintiff's alleged trade secret processes. (*See* Docs. 485, 491, 496.)

The Court therefore adopts the reasoning in Judge Anello's prior orders and applies it here. (*See* Doc. 422 at 5; Doc. 454 at 3–5; Doc. 466 at 2–3; Doc. 470 at 2–3.)  For those same reasons, the Court finds: (1) the "compelling reason" standard applies to the instant Motions to Seal; and (2) the potential disclosure of trade secrets is a "compelling reason[ ] to . . . seal[ ] court records." *See Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S.at 598).  Sealing these materials is therefore proper.

3:21-cv-02137-RBM-DDL

### III. CONCLUSION

Based on the foregoing reasons, and for good cause, the Parties' Motions to Seal (Docs. 483, 489, and 494) are **GRANTED**. The Clerk of Court is **DIRECTED** to file Docs. 484, 490, and 495, and their respective attachments under seal.

**IT IS SO ORDERED**.

DATE: June 16, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:21-cv-02137-RBM-DDL